UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA–DIVISION

---

UNITED STATES OF AMERICA        (

        Vs.        (

                   (

CHAVEZ CRUZ, ANGEL MARIDA        (

*8.17-CV-346-T-27AEP*

Case No.8:14–CR–317–T–27AEP

---

## MOTION TO VACATE SET ASIDE OR CORRECT SENTENCE PURSUANT TO 28U.S.C. §2255

---

Come now Angel Marida, Chavez–Cruz, who respectfully
writing this Honorable Court to file a Motion to vacate sef
aside or reduce sentence pursuant to 28 U.S.C. §2255 challenge
Jurisdiction.

On or about 7-21-2014 I commit a offence against the
United States I was charge with conspiracy to possess with intent
to distgribute five kilograms or more of cocaine while aboard
a vessel subject to the Jurisdiction of the United States in
violation of the 46:70503(A) and (B) and 46:70506 a,  I plea
guilty as charge and on 1-12-2015 I receive a sentence of 120
months term of imprisonment and 5 years subpervise.

1

## B. Arguments

Defendant asserts that the Maritime Drug Enforcement Act 46 U.S.C. §§ 70503A and 70506(A) & (B), as applied, exceeds the power of Congress under the United States Constitution, Act 1, § 8, cl. 10.

This felonies clause is testually limited to conduct on the high seas. The power granted to Congress in the offences clause is limited by customary international law.

United States Constitution confirmed that the power to define is limited by the Law of Nations and the offences against nations is understood today to mean violation of customary international law. But the drug trafficking is not a violation of a customary international law.

The United States has no jurisdiction over this vessel, even if they are in high sea because drug trafficking is not a violation of the customary international law.

According to the Supreme Court precedent and the text, history and structure of the U.S. Constitution confirmed that the power to define was limited by the Law of Nations and the phrase offense against the Law of Nations was understood today to mean violation of customary international law. Also, the Supreme Court determined that drug trafficking is not a violation of customary international law, or the Law of Nations.

Defendant beseech this Court to grant his motion in light that it is unconstitutional, as confirmed by the Supreme Court.

## C. Jurisdiction

Thus, "because universal jurisdiction over a crime is established by international consensus, a state can only invoke

2

universal jurisdiction for those acts that fall within the specific 'subset of [universally condemned] behavior' that the international community has agreed warrants the assertion of universal jurisdiction." (United States v. Hasan, 747 F. Supp. 2d 599, 608 (E.D. Va. 2010)). Drug trafficking does not fall within that subset. No source of customary international law has designated drug trafficking as being subject to universal juris-diction. The academic community is in accord that drug trafficking is not considered a universal jurisdiction offense. Although "international criminal law evidences the existence of twenty-seven crime categories, only the so-called jus cogens crimes of "piracy, slavery and slave-related practices, war crimes, crimes against humanity, genocide, apartheid, and torture" have thus far been identified as supporting universal jurisdiction. (Bassiouni, supra, at 106-09; see also, e.g., Sosa, 542 U.S. at 762 (Breyer, J., concurring)(listing crimes supporting universal jurisdiction to include genocide, crimes against humanity, and war crimes); Restatement (Third) of Foreign Relations Law § 404 (1987) (recog-nizing that universal jurisdiction applies only to "prescribe punishment for certain offenses recognized by the community of nations as of universal concern, such as piracy, slave trade, attacks on or hijacking of aircraft, genocide, war crimes, and perhaps certain acts of terrorism"); The Princeton Principles on Universal Jurisdiction 48 (Stephen Macedo et al. eds., 2001) (noting that drug crimes "were raised as candidates for inclusion" in the Princeton Principles' list of serious crimes subject to universal jurisdiction, but ultimately were not selected); Anne H. Geraghty, Universal Jurisdiction and Drug Trafficking: A Tool

for Fighting One of the World's Most Pervasive Problems, 16 Fla. J. Int'l L. 371, 372 (2004)(explaining that the idea of utilizing universal jurisdiction as a tool for prosecuting drug trafficking has never been "widely embraced"); Christina E. Sorense, Drug Trafficking on the High Seas: A Move Toward Universal Jurisdiction Under International Law, 4 Emory Int'l L. Rev. 207, 208 (19990) ("Drug trafficking is...not subject to universal jurisdiction."). Nor are there any judicial decisions recognizing Congress's authority to punish drug trafficking that has no connection to the United States as an "Offence against the Law of Nations." Indeed, several courts of appeals have held that drug trafficking is not a universal jurisdiction offense, albeit discussing drug trafficking as an offense occurring on the "high Seas" rather than as an "Offence  aganist the Law of Nations." (United States (700 F.3d 1262) v. Perlaza, 439 F.3d 1149, 1161-63 (9th Cir. 2006)(rejecting the government's argument that it had jurisdiction over drug trafficking conducted on a go-fast vessel under the principle of universal jurisdiction); United States v. Wright-Barker, 784 F.2d 161, 168 n.5 (3d Cir. 1986)("international agreements have yet to recognize drug smuggling... as a heinous crime subject to universal jurisdiction."). Nor have wee been able to find an case decided by any international court defining drug trafficking as an offense subject to universal jurisdiction.

Accordingly, because the drug trafficking issue here is not subject to universal jurisdiction and no other internationally recognized jurisdiction basis applies, Congress does not have the authority to proscribe this defendants' consuct under Article I,

4

Section 8, Clause 10 of the Constitution. Neither can the government argue that this authority can be supplied by another nation's consent to United States jurisdiction, as it is without merit. As Judge Torruella illustrates in **United States v. Cardales-Luna, 632 F.3d 731, 741 (1st Cir. 2011)**, accepting this argument "leads to absurd results".

**D. Conclusion**

      Based on the foregoing this Court should vacate Defendant's convictions.

Respectfully submitted on this 29th day of December, 2016.

*Angel Chavez*
D. Ray James C.F.
P.O. Box 2000
Folkston, GA. 31537